IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. McDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-342-GPM |
| ) | |
| D. PORTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action under 42 U.S.C. § 1983 and seeks injunctive and monetary relief. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**[1]

Briefly, Plaintiff alleges that guards seized paperwork he had concerning a vaccine he is creating for anthrax, ebola, malaria, and HIV. Plaintiff claims that his mail is being held in an effort to force him into negotiations concerning the vaccine. Additionally, Plaintiff states that the guards seized papers concerning his criminal appeal and searched his legal files outside of his presence.

**DISCUSSION**

In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Court noted that when a district court considers an *in forma pauperis* action, it has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

490 U.S. at 327-28. Plaintiff's allegation that he is developing a vaccine to combat anthrax, ebola, malaria, and HIV, and his allegation that prison staff are trying to force him to negotiations for that vaccine are the types of "fantastic" claims with which this Court is all too familiar.

Even if Plaintiff's allegations were not "fantastic, " his complaint still should be dismissed pursuant to § 1915A. To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation

---

[1] Plaintiff's original complaint (Doc. 1) was filed on May 12, 2008. On July 3, 2008, Plaintiff filed a second complaint (Doc. 4) which the Court treats as Plaintiff's first amended complaint. *See* FED. R. CIV. P. 15(a)(1)(A). Plaintiff's amended complaint replaces and supersedes all prior complaints and amendments. *See Flannery v. Recording Indus. Assoc. of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under § 1983.

Regarding his legal papers, Plaintiff does not claim to have suffered actual injury to a non-frivolous claim. Therefore, Plaintiff has not stated an access to the courts claim. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996) (an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded).

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and any pending motions are **DENIED** as moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 02/19/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge