**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAURICE J. McDONALD,,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-cv-342-GPM** |
| | ) | |
| **D. PORTER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration and appointment of counsel (Doc. 15). Briefly, Plaintiff's motion asks this Court to vacate its Judgment dismissing his complaint pursuant to 28 U.S.C. § 1915A.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008)

(quoting *Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).  In this case, Plaintiff contends that this Court erred as a matter of law in  dismissing his complaint.  Accordingly, the Court will construe this motion under Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been  discovered  previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).  Plaintiff claims that this Court erred by not taking the allegations of his complaint as true.  However, the Court has the "the unusual power to pierce the veil of the complaint's  factual  allegations  and  dismiss  those  claims  whose  factual  contentions  are  clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989*)*.  Therefore, the Court concludes that the dismissal of Plaintiff's complaint was proper.  Accordingly, Plaintiff's motion to reconsider and for appointment of counsel (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 3/10/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge